# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-543-GCM-DCK

| | |
|---|---|
| WILLETTE THOMAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN, | ) |
|   Acting Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 14) and the "Commissioner's Motion For Summary Judgment" (Document No. 19). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that the "Commissioner's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision <u>vacated</u>.

## I.    BACKGROUND

Plaintiff Willette Thomas ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On August 25, 2011, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning November 17, 2009. (Transcript of the Record of Proceedings ("Tr.") 18, 209-210). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied

Plaintiff's application initially on September 23, 2011, and again after reconsideration on January 3, 2012. (Tr. 18, 138-148, 152-161).

In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 152).

The SSA further noted that the Albright decision had been applied to this case, meaning that a prior Administrative Law Judge decision had been reviewed and evaluated as evidence. Id. Administrative Law Judge H. Allen Wagner had previously determined that Plaintiff was not under a disability between February 2, 2006 and November 16, 2009. (Tr. 83). The Appeals Council affirmed Judge Wagner's decision on February 22, 2011. (Tr. 89-94). On appeal to this Court, the undersigned recommended that Plaintiff's motion for summary judgment be denied; the Commissioner's motion for summary judgment affirmed; and the Commissioner's determination affirmed. Willette Thomas Henderson v. Astrue, 3:11-CV-195-GCM-DCK, 2012 WL 1569575 (W.D.N.C. March 22, 2012), aff'd by 2012 WL 1569571 (W.D.N.C. May 3, 2012).

Regarding the SSA's determinations on Plaintiff's more recent application for disability, Plaintiff filed a timely written request for a hearing on February 4, 2012. (Tr. 18,162-164). On March 26, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge

2

Frank D. Armstrong ("ALJ"). (Tr. 39-72). In addition, Maria Vargas, a vocational expert ("VE"), and George C. Piemonte, Plaintiff's attorney, appeared at the hearing. (Tr. 39).

The ALJ issued an unfavorable decision on April 16, 2013, denying Plaintiff's claim. (Tr. 18-31). Plaintiff filed a request for review of the ALJ's decision on June 12, 2013, which was denied by the Appeals Council on August 6, 2014. (Tr. 1). The April 16, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 2, 2014. (Document No. 1). On November 3, 2014, the undersigned was assigned to this case as the referral Magistrate Judge. Plaintiff's "Motion For Summary Judgment" (Document No. 14) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 15) were filed May 15, 2015; and the "Commissioner's Motion For Summary Judgment" (Document No. 19) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 20) were filed August 13, 2015. Plaintiff has failed to file a brief in response, and the time to do so has lapsed. See (3:13-MC-198-FDW, Document No. 1).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.      STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

3

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 25, 2011, the date the

application was filed, and April 16, 2013, the date of the ALJ's decision.[1] (Tr. 19). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

    (2)    whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

    (3)    whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

    (4)    whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

    (5)    whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

1203. In this case, the ALJ determined at the fourth step that Plaintiff was capable of performing past relevant work, and therefore, was not disabled. (Tr. 28-29).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 25, 2011, the application date. (Tr. 20). At the second step, the ALJ found that Narcolepsy, Joint Pain, Obsessive Compulsive Disorder, and Diabetes Mellitus, were severe impairments.[2] (Tr. 20). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 21).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the ability to perform light work activity, with the following limitations:

> Can lift, carry, push, and pull no more than twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours in an eight-hour workday and stand and/or walk for six hours in an eight hour workday, with normal breaks. The claimant can occasionally climb and balance. The claimant can frequently stoop, crouch, kneel, and crawl. The claimant should not work around moving equipment or unprotected heights. The claimant can understand, retain, and carry out simple repetitive types tasks in a low-stress, low-production setting. The claimant can occasionally interact with supervisors, coworkers, and the public. The claimant would be able to work for up to two hours at a time and then she would need a ten to fifteen minute break before returning to work for another two hours. The claimant can make work related decisions and adjust to routine work changes.

(Tr. 23). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a shirt presser. (Tr. 28). In the alternative, at the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 29-30). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included mail clerk and small parts assembler. (Tr. 30). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 25, 2011 and April 16, 2013. (Tr. 30-31).

Plaintiff on appeal to this Court assigns error to: (1) the ALJ's determination of Plaintiff's RFC; and (2) the Appeals Council's failure to vacate the ALJ decision based on new evidence. (Document No. 15, pp.2, 5). The undersigned will discuss these contentions in turn.

**A.     Residual Functional Capacity**

In her first assignment of error, Plaintiff contends that the ALJ failed to provide "a full function-by-function analysis of the nonexertional mental functions associated with Thomas' Obsessive Compulsive Disorder but simply makes a generic finding she is limited to simple repetitive tasks." (Document No. 15, pp.5-12) (citing SSR 96-8p). Plaintiff asserts that even though it is undisputed that Plaintiff suffers severe impairments, the ALJ did not make an adequate determination of her capability to do basic work activities, and thus, prohibited "the Court from being able to conduct a meaningful review of the ALJ's findings." (Document No. 15, p.8).

7

Plaintiff notes that the ALJ found her Obsessive Compulsive Disorder ("OCD") to be a severe impairment, and that she had mild restrictions in activities of daily living, mild difficulties in social functioning, and moderate difficulties maintaining concentration, persistence, or pace." (Document No. 15, p.7). Plaintiff concludes that despite these findings, the ALJ's determination as to mental limitations in the RFC is incomplete. Id.

In response, Defendant acknowledges Plaintiff's RFC argument regarding an alleged failure to consider "limitations in three broad areas of mental functioning, namely mild limitations in activities of daily living, mild difficulties in social functioning, and moderate difficulties maintaining concentration, persistence, or pace." (Document No. 20, p.6). However, Defendant appears to ignore the crux of Plaintiff's argument – that the ALJ's decision lacks a proper analysis of Plaintiff's limitations associated with her severe OCD impairment. (Document No. 20, pp.6-12). In fact, Defendant's brief declines to address Plaintiff's OCD at all. (Document No. 20).

The undersigned observes that the ALJ's decision offers almost no discussion of Plaintiff's OCD. The ALJ finds OCD to be a severe impairment, diagnosed by treating physician Scott Gleditsch, M.D., but offers no elaboration on how Plaintiff's OCD manifests itself or what impact it has on her ability to work. (Tr. 20, 26).

Under these circumstances, the undersigned finds that the ALJ's decision "frustrates meaningful review" and will recommend that this matter be remanded for further consideration. See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) ("[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review."). See also, Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (ALJ's failure to adequately explain his reasoning precludes the court from meaningful review) and Singer v. Colvin, 5:14-CV-034-RLV-DCK, 2016 WL 270314, at *2 (W.D.N.C. Jan.

8

21, 2016) (remanding because ALJ failed to explain effects of severe impairment on Plaintiff's ability to work).

**B.    Additional Evidence**

In addition to challenges to the ALJ's RFC assessment, Plaintiff also alleges that "new evidence" submitted to the Appeals Council provides a basis for remand. (Document No. 15, pp.5, 12-15). Specifically, Plaintiff asserts that her treating physician, Cynthia Hill, M.D., signed a letter opining that Plaintiff's Type II Diabetes Mellitus and Narcolepsy "would interfere and or limit functionality at least 10% of the time." (Document No. 15, pp.12-13, and Tr. 1771). Plaintiff contends this opinion is crucial because the VE testified in this case that if a person was off task 10% of the time they would not be able to maintain sustained employment. (Document No. 15, p.13). Plaintiff concludes, based on this new evidence, that this matter should be remanded for an ALJ to consider, weigh, and determine the value of the new evidence. (Document No. 15, p.15).

In response, Defendant asserts that the Appeals Council was correct to dismiss this new evidence without explanation because it is inconsistent with the ALJ's opinion. (Document No. 20, pp.13-14). Defendant contends that the new evidence is of no particular value because Dr. Hill's treatment notes have been fully considered, and the ALJ has accommodated Plaintiff's functional limitations by allowing for a ten to fifteen minute break every two hours. Id.

The undersigned is not convinced that the Appeals Council's refusal to remand this matter to the ALJ based on this new document (Tr. 1771) amounts to error; nevertheless, because the undersigned has already determined that this matter should be remanded, it is respectfully recommended that upon remand, an ALJ carefully consider all of Plaintiff's alleged errors.

## IV. CONCLUSION

The undersigned finds that the ALJ's determination lacks substantial evidence supporting the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 14) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 19) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 8, 2016

David C. Keesler
United States Magistrate Judge